The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  QIXIAN WU,
2.  YONG FENG WU, and
3.  YONG CONG WU,

Defendants,

and

YAN HONG ZENG,

Third-Party Claimant.

NO. CR22-048-JCC

**MOTION TO DISMISS IN PART AND FOR PARTIAL SUMMARY JUDGMENT AS TO THIRD-PARTY PETITION OF YAN HONG ZENG**

NOTE ON MOTION CALENDAR:
June 15, 2026

## I.    INTRODUCTION AND RELIEF REQUESTED

The United States recorded its *lis pendens* on the real property located at 6901 West Marginal Way SW, Seattle, Washington (the "Real Property") on April 19, 2022. *See* Dkt. No. 10. The interests of Defendants Qixian Wu, Yong Feng Wu, and Yong Cong Wu (collectively, the "Defendants") in the Real Property were preliminarily forfeited on January 24, 2024. *See* Dkt. Nos. 69, 70, 71.

Motion to Dismiss in Part and For Partial
Summary Judgment -1
*United States v. Qixian Wu, et al.,* CR22-048-JCC

Third-party claimant Yan Hong Zeng filed a petition in criminal ancillary proceedings in this matter on April 29, 2024. *See* Dkt. No. 92. The Petition was signed on Zeng's behalf by "Stanley Lam, Manager for Wai Lam LLC which services these claims." *Id.* at 8. In the Petition, Zeng asserted an interest in the Real Property, based upon three promissory notes, secured by deeds of trust to the Real Property, signed by Defendant Yong Feng Wu. *Id.* Specifically, Zeng relied upon: (i) a promissory note dated June 28, 2019, for a loan in the amount of $300,000, for which Zeng, Jianchen Wu, and Kaki Chung were the lenders ("Note #1"); (ii) a deed of trust dated June 28, 2019, and recorded on July 1, 2019, securing the lenders' interests in Note #1 ("DOT #1"); (iii) a promissory note dated September 23, 2019, for a loan in the amount of $400,000, for Xiaohong Wang and Liwen Liu were the lenders ("Note #2"); (iv) a deed of trust dated September 20, 2019, and recorded on September 23, 2019, securing the lenders' interests in Note #2 ("DOT #2"); (v) a promissory note dated October 31, 2019, for a purported loan in the amount of $600,000, for which Zeng was the sole lender ("Note #3"); and (vi) a deed of trust dated October 31, 2019, and recorded on March 8, 2024, purportedly securing Zeng's interests in Note #3 ("DOT #3).[1] In her Petition, Zeng asserted that she acquired the other four lenders' interests in Note #1 and Note #2 in 2021. *See* Dkt. No. 92 at 5.

---

[1] Highlighted copies of these six documents are attached as exhibits to the Declaration of AUSA Karyn S. Johnson in Support of Motion to Dismiss and for Summary Judgment of Third-Party Claim of Yan Hong Zeng (the "Johnson Decl."). *See* Johnson Decl., Exhibits B (DOT #1), C (Note # 1), D (DOT #2), E (Note #2), F (DOT #3), & G (Note #3).

Exhibit F was obtained from online King County property records and bears its recording date and instrument number. *See* Johnson Decl. ¶¶ 23-27 & Exhibit F. The copy of DOT #3 that Zeng submitted with her Petition does not have its recording date and instrument number stamped on it. *See* Dkt. No. 92-6. However, Zeng does not dispute that DOT #3 was recorded on March 8, 2024. *See* Johnson Decl. ¶¶ 44-45 & Exhibit I at 16.

Note #1, Note #2, and Note #3 are collectively referred to herein as the "Notes." Similarly, DOT #1, DOT #2, and DOT#3 are collectively referred to as the "DOTs."

Motion to Dismiss in Part and For Partial
Summary Judgment -2
*United States v. Qixian Wu, et al.,* CR22-048-JCC

This Motion presents two issues. First, can Zeng assert a cognizable property interest in the Real Property, pursuant to DOT #3, that is superior to the interests of the United States? As discussed below, the answer is no. Under Washington state law, Zeng's interests under DOT #3 are subordinate to those of the United States, because the United States' *lis pendens* was recorded before DOT #3 was recorded. Accordingly, the United States moves pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1)(A), to dismiss Zeng's Petition insofar as it relies upon DOT #3.

Turning to Note #1 and Note #2, the United States does not dispute that Yong Feng Wu received approximately $300,000 per Note #1 and approximately $400,000 per Note #2. Nor does the United States dispute that Zeng has an interest in the amount of $100,000, based upon her one-third interest in Note #1, that was secured by DOT #1.

Zeng contends that, pursuant to an oral agreement negotiated by Stanley Lam, Zeng purchased the secured interests of Jianchen Wu and Kaki Chung in Note #1, and those of Liwen Liu and Xiaohong Wang in Note #2, on September 8, 2021. In support of this contention, Zeng has produced two "Note Ownership Transfer Agreements" (collectively, the "NOTAs"), dated April 2024, that purport to "memorialize" Zeng's acquisition of the other four lenders' interests in September 2021. She has produced no other records.

In criminal ancillary proceedings, it is a claimant's burden to establish a property interest recognized by 21 U.S.C. § 853(n)(6). A petitioner must show either that the petitioner "has a legal right, title, or interest in the property," which was "vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section," *see* § 853(n)(6)(A), or that the petitioner "is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section," *see* § 853(n)(6)(B).

Motion to Dismiss in Part and For Partial
Summary Judgment -3
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The United States recognizes valid third-party claims in criminal ancillary proceedings. Yet Zeng has not proven that she has valid claim with respect to her alleged purchase of the other lenders' interests in Note #1 and Note #2. Despite formal and informal requests for discovery, Zeng has not provided any specific, verifiable information about these financial transaction(s). Nor has Zeng provided any financial records whatsoever showing that these financial transaction(s) did, in fact, occur. She has not come forward with, for example, bank account statements, or wire transfer records, or checks, or deposit slips, etc., pertaining to her accounts, or Lam's, or Wai Lam's, or the other lenders', showing that consideration was paid or received.

Thus, the second issue presented by this Motion is whether there is a genuine dispute of material fact as to whether Zeng has a cognizable interest under 21 U.S.C. § 853(n)(6) based upon her purported acquisition of the other lenders' interests in Note #1 and Note #2. And the answer is no: without proof of consideration being paid, Zeng cannot prove by a preponderance of the evidence that she has standing or that she is a bona fide purchaser for value. Accordingly, the United States moves, pursuant to Fed. Crim. R. 56, for summary judgment with respect to Zeng's Petition based on her purported buyout of the other lenders' interests in Note #1 and Note #2.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Underlying Criminal Case

On April 13, 2022, a grand jury returned an Indictment charging Defendants with *Conspiracy to Manufacture and Distribute Marihuana*, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Dkt. No. 1. In the Indictment, the United States provided notice of its intent to pursue forfeiture of any property that constitutes or is traceable to proceeds of this offense, as well as any property that facilitated this offense, pursuant to 21 U.S.C. § 853, including the Real Property. *Id.*

///

Motion to Dismiss in Part and For Partial
Summary Judgment -4
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On April 19, 2022, the United States recorded a *lis pendens* in King County with respect to the Real Property, further described as:

6901 West Marginal Way SW, Seattle, Washington 98106, titled in the name of Yong Feng Wu, together with its buildings, improvements, appurtenances, fixtures, attachments, and easements, more particularly described as follows:

PARCEL B OF LOT BOUNDARY ADJUSTMENT NO. 3018637, AS RECORDED JUNE 19, 2015 UNDER RECORDING NO. 20150619900004, RECORDS OF KING COUNTY AUDITOR; BEING A PORTION OF LOT 3, CITY OF SEATTLE SHORT SUBDIVISION NO. 80-77, RECORDED UNDER RECORDING NUMBER 8010300789:, RECORDS OF KING COUNTY, WASHINGTON;

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

PARCEL NUMBER:  302404-9169

Dkt. No. 10.

In November 2023, Defendants pleaded guilty to a Superseding Information charging them with *Conspiracy to Manufacture and Distribute Marihuana*, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count 1) and *Conspiracy to Commit Money Laundering*, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h) (Count 2). *See* Dkt. Nos. 47 (Superseding Information), 51 (Yong Cong Wu's Plea Agreement), 56 (Qixian Wu's Plea Agreement), 62 (Yong Feng Feng Wu's Plea Agreement). In their Plea Agreements, Defendants admitted the following facts regarding their *Conspiracy to Manufacture and Distribute Marihuana* and their operation of "New Direction," *i.e.*, Defendants' marihuana processing and production facility that was located at the Real Property:

- Each Defendant admitted that he had an agreement with others, including the co-defendant family members, to manufacture and distribute marihuana, and joined in the agreement knowing of its purpose and intending to help accomplish it. *See* Dkt. No. 51 ¶ 9(a); Dkt. No. 56 ¶ 9(a); Dkt. No. 62 ¶ 9(a).

///

Motion to Dismiss in Part and For Partial
Summary Judgment -5
*United States v. Qixian Wu, et al.,* CR22-048-JCC

- In November 2014, Qixian Wu and X.C. purchased the Real Property and, that same day, quitclaimed their interests in it to Yong Feng Wu.[2] *See* Dkt. No. 51 ¶ 9(b); Dkt. No. 56 ¶ 9(b); Dkt. No. 62 ¶ 9(b).

- In or about June 2016, Defendants began operating New Direction. Shortly thereafter, regulators with the Washington State Liquor and Cannabis Board (WSLCB) started to note irregularities with respect to the marihuana traceability reports entered into the WSLCB system by New Direction. For example, from November 2016, through October 2017, New Direction reported a total of 682.835 kilograms of marihuana produced, but reported a transfer of only 303.848 kilograms, with difference being reported as waste. Additionally, for the period February 2018, through January 2019, New Direction reported 1,350.632 kilograms of gross production, with a yield of only 1.691 kilograms of processed marihuana. *See* Dkt. No. 51 ¶¶ 9(b)-(c); Dkt. No. 56 ¶¶ 9(b)-(c); Dkt. No. 62 ¶¶ 9(b)-(c).

- In the summer of 2018, regulators with WSLCB conducted three site visits at New Direction. They noted numerous irregularities with respect to traceability tags and propagation tags and observed numerous containers filled with useable marihuana that was otherwise untagged and untraceable. Given a concern that prohibited pesticides were being used, they seized marihuana samples for testing. After confirming the use of unauthorized pesticides, on October 30, 2018, WSCLB regulators returned to New Direction and seized all inventory, including 1,969 marihuana plants and 90 kilograms of processed marihuana. *See* Dkt. No. 51 ¶¶ 9(e)-(6); Dkt. No. 56 ¶¶ 9(e)-(g); Dkt. No. 62 ¶¶ 9(e)-(g).

- Notwithstanding this enforcement action, New Direction continued to operate in violation of Washington State and federal law. For example, from February 2018, through October 2020, New Direction reported to WSLCB that it sold 525.462 kilograms of marihuana to Vulcan Mountain Farms-making it New Direction's primary customer on paper. In fact, New Direction did not have any business relationship with Vulcan Mountain Farms, and the marihuana purportedly distributed to Vulcan Mountain Farms was instead distributed to individuals outside the WSCLB-regulated system. *See* Dkt. No. 51 ¶¶ 9(h)-(i); Dkt. No. 56 ¶¶ 9(h)-(i); Dkt. No. 62 ¶¶ 9(h)-(i).

///

---

[2] A highlighted copy of this Quit Claim Deed, which was obtained via an online search of King County recorded property records, is attached to the Johnson Decl. as **Exhibit A.**

Motion to Dismiss in Part and For Partial
Summary Judgment -6
*United States v. Qixian Wu, et al.,* CR22-048-JCC

- On October 21, 2020, investigators executed federal search warrants for Real Property, as well as for Defendants' residence and Yong Feng Wu's and Yong Cong Wu's hydroponic gardening supply store. During the search of the Real Property, investigators seized 3,054 marihuana plants and 108 kilograms of processed marihuana. *See* Dkt. No. 51 ¶¶ 9(k), (p); Dkt. No. 56 ¶¶ 9(k), (p); Dkt. No. 62 ¶¶ 9(k), (p).

- In furtherance of their conspiracy to manufacture and distribute marihuana, Defendants knowingly manufactured marihuana at New Direction. And, although New Direction was ostensibly licensed by WSLCB, Defendants' conduct was in violation of Washington State laws and regulations related to the production and distribution of marihuana. *See* Dkt. No. 51 ¶¶ 9(q)-(r); Dkt. No. 56 ¶¶ 9(q)-(r); Dkt. No. 62 ¶¶ 9(q)-(r).

In their Plea Agreements, Defendants agreed to forfeit their interests in any property that facilitated and/or constituted proceeds of their commission of *Conspiracy to Manufacture and Distribute Marihuana* (Count 1), pursuant to 21 U.S.C. § 853, including, among other things, the Real Property. *See* Dkt. No. 51 ¶ 13; Dkt. No. 56 ¶ 13; Dkt. No. 62 ¶ 13.

On January 24, 2024, the Court entered Preliminary Orders of Forfeiture finding the Real Property and other seized assets forfeitable, pursuant to 21 U.S.C. § 853, as property that facilitated, or constituted proceeds of, Defendants' commission of *Conspiracy to Manufacture and Distribute Marihuana,* and forfeiting Defendants' interests in them. Dkt. Nos. 69, 70, 71.

Qixian Wu and Yong Cong Wu were sentenced on February 13, 2024, and Yong Feng Wu was sentenced on July 2, 2024; their respective Preliminary Orders of Forfeiture were incorporated into the Judgments. *See* Dkt. Nos. 84, 86, 106.

**B.    Criminal Ancillary Proceedings**

On March 13, 2024, the United States published notice of the Preliminary Orders of Forfeiture, as required by 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(C). *See* Dkt. No. 87. The notice informed third parties claiming an interest in the preliminarily forfeited property that they were required to file a petition with the Court

Motion to Dismiss in Part and For Partial
Summary Judgment -7
*United States v. Qixian Wu, et al.,* CR22-048-JCC

within 60 days of the notice's first publication on February 9, 2024. *Id.* The published notice also recited the requirements, set forth in 21 U.S.C. § 853(n), that third-party petitions filed in criminal ancillary proceedings shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. *Id.* (citing 21 U.S.C. § 853(n)(3)).

The United States also sent notice and copies of the Preliminary Orders of Forfeiture to individuals and entities who appeared to be potential claimants to preliminarily forfeited property, as required by Fed. R. Crim. P. 32.2(b)(6)(A). *See* Dkt. Nos. 121, 122. The direct notices informed third parties claiming an interest in the preliminarily forfeited property that they were required to file a petition with the Court within 30 days of receiving the notice and also cited the requirements of § 853(n)(3). *Id.*

On April 29, 2024, Zeng filed her Petition. *See* Dkt. No. 92. Zeng alleged that she "owns three promissory notes signed by Yong Feng Wu," and that "[e]ach of these notes are secured by a deed of trust signed by Wu conveying to the beneficiary of the note a security interest in the property dated June 28, 2019, September 23, 2019, and October 31, 2019." *Id.* at 1. Zeng alleged that "these notes were transferred to Ms. Zeng in 2021." Zeng alleged that her "agent, Wai Lam LLC, who is servicing these loans has possession of all original notes and deeds of trust and are holding them for her benefit." *Id.* at 5.

The Petition identified the claimant as Yan Hong Zeng, with an address of "Co/ Wai Lam LLC, 5210 NE 8th Pl, Renton, WA 98059-4699." *Id.* at 1. Zeng did not sign her Petition. Instead, it was signed, under penalty of perjury, by "Stanley Lam, Manager for Wai Lam LLC which services these claims." *See* Dkt. No. 92 at 8.

Motion to Dismiss in Part and For Partial
Summary Judgment -8
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**C.    The Deeds of Trust and Promissory Notes**

Zeng submitted three promissory notes (the Notes) and three deeds of trust[3] (the DOTs) with her Petition. *See* Dkt. No. 92-1 through 92-6. Some of the material terms of the DOTs and Notes are summarized below.

**1.    DOT #1 and Note #1**

On July 1, 2019, a Deed of Trust, Assignment of Rents and Leases and Security Agreement was recorded in King County, Washington, and assigned instrument number 20190701000475 (**DOT #1**). *See* Johnson Decl. ¶ 4 & **Exhibit B** (highlighted copy of recorded DOT #1 obtained from an online search of King County property records).[4]

According to its terms, DOT #1 was "granted as of June 28, 2019, by Wu, Yong Feng … ('Grantors' or 'Borrowers'), WFG Title and Escrow ('Trustee'), in trust for Zeng, YanHong (33.33%) Wu, Jianchen (33.33%) Chung Kaki (33.34%) whose mailing address is c/o Zeng, YanHong 5210 NE 8th Place Renton WA 98059 ('Lender', 'Grantee' or 'Beneficiary')." *See* Exhibit B at 1.

This address – 5210 NE 8th Place, Renton, Washington – is associated with Lam (*see* Dkt. No. 92 at 1, 8) and appears repeatedly in the DOTs and Notes.

DOT #1 stated that "as used herein, the term 'Loan Documents' means the Promissory Note ('Note') in the sum of Three Hundred Thousand Dollars ($300,000) executed by Grantor in favor of Beneficiary." *Id.* at 1 (referring to Note #1). DOT #1

---

[3] Under Washington's Deed of Trust Act, RCW 61.24.010 *et seq.*, a statutory deed of trust is a type of mortgage. *See Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wash.2d 83, 92 (2012). "More precisely, it is a three-party transaction in which land is conveyed by a borrower, the 'grantor,' to a 'trustee,' who holds title in trust for a lender, the 'beneficiary,' as security for credit or a loan the lender has given the borrower." *Id.* at 92-93 (internal citations omitted). If a borrower defaults on repaying the underlying obligation, "the trustee may usually foreclose the deed of trust and sell the property without judicial supervision." *Id.* at 93. A trustee or a successor trustee has a duty of good faith to all parties to a deed of trust, *i.e.*, the borrower, the beneficiary, and the grantor. *Id.*; *see also* RCW 61.24.010(4).

[4] Except where otherwise indicated, punctuation, spelling, and spacing in excerpted portions of the Exhibits is as set forth in the Exhibits. The highlighting in the Exhibits has been added for ease of reference.

Motion to Dismiss in Part and For Partial
Summary Judgment -9
*United States v. Qixian Wu, et al.,* CR22-048-JCC

further stated that "[t]his Deed of Trust secures performance of (i) each agreement of Grantor contained in the Loan Documents and/or this Deed of Trust, (ii) payment of the sum of Three Hundred Thousand Dollars ($300,000) with interest thereon according to the terms of the Note…" *Id.* at 3.

DOT #1 stated that "[t]his is a First Lien Deed of Trust." *Id.* at 2.

DOT #1 authorized the trustee to sell the Real Property upon the lender's default, pursuant to Washington's Deed of Trust Act, RCW 61.24.010 *et seq. Id* at 8.

DOT #1 stated that after recording, it was to be returned to "Zeng, YanHong[,] 5210 NE 8th Place[,] Renton WA 98059." *Id.* at 1.

Agnes Yip notarized DOT #1. *Id.* at 9.

The promissory note secured by DOT #1 is **Note #1**. *See* Johnson Decl. ¶ 5 & **Exhibit C** (highlighted copy of DOT #1). Note #1 was dated June 28, 2019, and provided that "FOR VALUE RECEIVED, the undersigned [Yong Feng Wu] promises to pay to the order of Zeng, YanHong (33.33%) Wu, Jianchen(33.33%) Chung, Kaki (33.34%) ('Lender') or order, the principal sum of Three Hundred Thousand Dollars ($300,000.00) together with interest thereon from date hereof calculated at 10% per annum." *See* Exhibit C at 1.

Note #1 provided that Yong Feng Wu "shall make payments of interest only on a monthly basis commencing Auguest 1st, 2019 and on the 1st day of each and every month thereafter until July 31st 2020 when the entire principal and interest shall be due, i.e., ('the Maturity Date')." *Id.*

As noted above, DOT #1 identified WFG Title and Escrow as the trustee. *See* Exhibit B at 1. Note #1, however, provided that "[i]nterest from the date of the Note until June 30th, 2020 shall be prepaid pursuant to instructions given to the escrow agent CW Title and Escrow Company ('Escrow Agent') by the Lender and approved by the undersigned. The check for said prepaid interest shall be paid by Escrow Agent to Zeng YanHong, the collection agent of Lender. The address of Zeng, YanHong is 5210 NE 8th

Motion to Dismiss in Part and For Partial
Summary Judgment -10
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Place Renton WA 98059." *Id.* Note #1 further provided that "[a]ll payments due the Holder until further notice shall be made to Wai Lam at the address herein set forth or to such person or entity or at such place or places as the Holder may designate." *Id.*

Note #1 stated that it was "secured by a first lien Deed of Trust on property having a common address of 6901 W Marginal Way SW Seattle WA 98106." *Id.* at 2.

**2.      DOT #2 and Note #2**

On September 23, 2019, a Deed of Trust, Assignment of Rents and Leases and Security Agreement was recorded in King County, Washington, and assigned instrument number 20190923000902 ("**DOT #2**"). *See* Johnson Decl. ¶ 6 & **Exhibit D** (highlighted copy of DOT #2, obtained from an online search of recorded King County property records).

According to its terms, DOT #2 was "granted as of Sept. 23rd 2019, by Wu, Yong Feng … ('Grantors' or 'Borrowers'), in trust for Liwen Liu (37.50%) Xiaohong Wang (62.50%)  whose mailing address is c/o Xiaohong Wang 5210 NE 8th Place Renton WA 98059 ('Lender', 'Grantee' or 'Beneficiary')." *See* Exhibit D at 1.

DOT #2 did not identify anyone as the trustee. *Id.* at 1. Nevertheless, DOT #2 authorized a trustee to conduct a trustee sale in accordance with Washington's Deed of Trust Act upon the lender's default. *Id.* at 8.

DOT #2 stated that "as used herein, the term 'Loan Documents' means the Promissory Note ('Note') in the sum of Four Hundred Thousand Dollars ($400,000) executed by Grantor in favor of Beneficiary." *Id.* at 1 (referring to Note #2). DOT #2 further stated that "[t]his Deed of Trust secures performance of (i) each agreement of Grantor contained in the Loan Documents and/or this Deed of Trust, (ii) payment of the sum of Four Hundred Thousand Dollars ($400,000) with interest thereon according to the terms of the Note…" *Id.* at 3.

Motion to Dismiss in Part and For Partial
Summary Judgment -11
*United States v. Qixian Wu, et al.,* CR22-048-JCC

Although DOT #1 was a "First Lien Deed of Trust" (*see* Exhibit B at 2), DOT #2 stated that, with respect to DOT #2, "[t]his is a First Lien Deed of Trust" (*see* Exhibit D at 1).

DOT #2 stated that after recording, it was to be returned to "Xiaohong Wang[,] 5210 NE 8th Place[,] Renton WA 98059." *See* Exhibit D at 1.

Stanley Lam notarized DOT #2. *Id.* at 10.

The note secured by DOT #2 is **Note #2**. *See* Johnson Decl. ¶ 7 & **Exhibit E** (highlighted copy of Note #2). Note #2 was dated September 23, 2019, and provided that "FOR VALUE RECEIVED, the undersigned [Yong Feng Wu] promises to pay to the order of Liwen Liu (37.50%) Xiaohong Wang (62.50%) ('Lender') or order, the principal sum of Four Hundred Thousand Dollars ($400,000.00) together with interest thereon from date hereof calculated at 8% per annual." *See* Exhibit E at 1.

As described above, Note #1's maturity date was July 31, 2020. *See* Exhibit C at 1. Note #2 provided for an earlier maturity date. Specifically, Note #2 provided that Yong Feng Wu "shall make payments of interest only on a monthly basis commencing September 23rd, 2019 and on the 1st day of each and every month thereafter until March 23rd 2020 when the entire principal and interest shall be due, i.e., ('the Maturity Date')." *See* Exhibit E at 1.

Also, although Note #2's maturity date was March 23, 2020, Note #2 provided that "[i]nterest from the date of the Note until Sept 23rd , 2020 shall be prepaid pursuant to instructions given to Liwen Liu and approved by the undersigned. The check for said prepaid interest shall be paid to Liwen Liu, the collection agent of Lender. The address of Liwen Liu is 5210 NE 8th Place Renton WA 98059." *Id.*

Note #2 further provided that "[a]ll payments due the Holder until further notice shall be made to Wai Lam at the address herein set forth or to such person or entity or at such place or places as the Holder may designate." *Id.*

Motion to Dismiss in Part and For Partial
Summary Judgment -12
*United States v. Qixian Wu, et al.,* CR22-048-JCC

As described above, Note #1 stated that Note #1 was "secured by a first lien Deed of Trust" on the Real Property. *See* Exhibit C at 2. Note #2 stated that Note #2 was "secured by a first lien Deed of Trust" on the Real Property. *See* Exhibit E at 2.

Note #2 also stated that Yong Feng Wu agreed to pay a loan fee in the amount of $10,000. *See* Exhibit C at 4.

**3.      DOT #3 and Note #3**

On March 8, 2024, a Deed of Trust, Assignment of Rents and Leases and Security Agreement was recorded in King County, Washington, and assigned instrument number 20240308000139 ("**DOT #3**"). *See* Johnson Decl. ¶ 8 & **Exhibit F** (highlighted copy of recorded DOT #3). The copy of DOT #3 submitted with Zeng's Petition did not have the recording date or instrument number stamped on it. *See* Dkt. No. 92-5.

According to its terms, DOT #3 states that it was "granted as of Oct. 31st 2019, by Wu, Yong Feng … ('Grantors' or 'Borrowers'), in trust for Yan Hong Zeng whose mailing address is c/o Yan Hong Zeng 5210 NE 8th Place Renton WA 98059 ('Lender', 'Grantee' or 'Beneficiary')." *See* Exhibit F at 1.

DOT #3 did not identify a trustee, although it still authorized a trustee to conduct a trustee's sale pursuant to Washington's Deed of Trust Act. *See* Exhibit F at 1, 8.

DOT #3 stated that "as used herein, the term 'Loan Documents' means the Promissory Note ('Note') in the sum of Six Hundred Thousand Dollars ($600,000) executed by Grantor in favor of Beneficiary." *Id.* at 1 (referring to Note #3). However, a few pages later, DOT #3 stated that "[t]his Deed of Trust secures performance of (i) each agreement of Grantor contained in the Loan Documents and/or this Deed of Trust, (ii) payment of the sum of Four Hundred Thousand Dollars ($400,000.00) with interest thereon according to the terms of the Note…" *See* Exhibit F at 3.

Similar to DOT #1 and DOT #2, DOT #3 also stated that DOT #3 was a "First Lien Deed of Trust." *See* Exhibit B at 2, Exhibit D at 2, Exhibit F at 2.

Motion to Dismiss in Part and For Partial
Summary Judgment -13
*United States v. Qixian Wu, et al.,* CR22-048-JCC

DOT #1 stated that after recording, it was to be returned to "Zeng, YanHong[,] 5210 NE 8th Place[,] Renton WA 98059." *See* Exhibit F at 1.

Stanley Lam notarized DOT #3. *See id.* at 10.

The note secured by DOT #3 is **Note #3**. *See* Johnson Decl. ¶ 9 & **Exhibit G** (highlighted copy of Note #3). Note #3 is dated October 31, 2019, and provided that "FOR VALUE RECEIVED, the undersigned [Yong Feng Wu] promises to pay to the order of Yan Hong Zeng ('Lender') or order, the principal sum of Six Hundred Thousand Dollars ($600,000.00) together with interest thereon from date hereof calculated at 10% per annual." *See* Exhibit G at 1.

Note #3 provided that Yong Feng Wu "shall make payments of interest only on a monthly basis commencing October 31st 2019 and on the 1st day of each and every month thereafter until March 31st 2020 when the entire principal and interest shall be due, i.e., ("the Maturity Date")." *See* Exhibit G at 1.

Although Note #3 stated that the purported lender for Note #3 was Yan Hong Zeng, Note #3 stated that 5210 NE 8th Place, Renton, WA 98059, was the address for "Liwen Liu," who was not a party to Note #2. *See* Exhibit G at 1; Exhibit E at 1 (Liwen Liu identified as a lender in DOT #2).

Note #3 stated that it was "secured by a Third lien Deed of Trust" on the Real Property. *Id.* at 2.

**D.    Discovery Regarding Zeng's Petition**

On June 27, 2024, the Court issued an Order authorizing the United States and Zeng to engage in discovery related to her third-party claim pursuant to Fed. R. Crim. P. 32.2(c)(1)(B). *See* Dkt. No. 103. After extending the discovery period on subsequent occasions, the Court extended the discovery period to April 13, 2026, and the dispositive motions deadline to May 18, 2026. *See* Dkt. No. 126.

On August 23, 2024, the United States propounded its Discovery Requests, including Interrogatories and Requests for Production. *See* Johnson Decl. ¶ 10 &

Motion to Dismiss in Part and For Partial
Summary Judgment -14
*United States v. Qixian Wu, et al.,* CR22-048-JCC

**Exhibit I**. In the "definitions" section of the Discovery Requests, the Discovery Requests explained that "to 'describe' a financial transaction means to provide a detailed and substantive and substantive account of all relevant factual information, including but not limited to all relevant dates, times, people, places, subjects, manner of payment (such as cashier's checks or wires), the amount at issue, and relevant account information." *See* Exhibit I at 4.

On October 14, 2024, Zeng provided her Answers to Interrogatories and documents in response to the United States' Discovery Requests. *See* Johnson Decl. ¶ 10 & **Exhibits H-N** (highlighted copies of Discovery Requests with Answers, Responses, and documents produced by Zeng). A summary of Zeng's Answers and Responses relevant to the two issues presented by this Motion is set forth below.[5]

**1.      It Is Undisputed That the *Lis Pendens* Was Recorded Before DOT #3**

Interrogatory No. 21 asked, "Do you admit that the United States recorded a *lis pendens* on the Subject Property on April 19, 2022?" Zeng answered, "Yes." *See* Exhibit I at 16; *see also* Dkt. No. 10.

Interrogatory No. 22 asked, "Do you admit that Deed of Trust #3 was recorded in King County, Washington, on March 8, 2024." Zeng answered, "Yes." *See* Exhibit I at 16; *see also* Exhibit F.

**2.      Zeng's Alleged Buyout of the Other Lenders' Interests in Notes #1 and Note #2**

The United States recognizes valid third-party claims in criminal ancillary proceedings. By requesting discovery from Zeng related to her alleged buyout of Note #1 and Note #2, the United States was hoping to gain some insight into whether the alleged buyout actually happened or not. However, Zeng's responses were nonresponsive,

---

[5] Although Lam signed the Petition on Zeng's behalf (*see* Dkt. No. 92 at 8), it was Zeng who declared, under penalty of perjury, that her responses to Discovery Requests were true and correct (*see* Exhibit I at 20).

Motion to Dismiss in Part and For Partial
Summary Judgment -15
*United States v. Qixian Wu, et al.,* CR22-048-JCC

incomplete, vague, and objectively unverifiable. And, notwithstanding the numerous parties involved in the alleged buyout, Zeng did not provide a single financial record showing that this alleged buyout took place.

More specifically, Interrogatory No. 16 asked:

In Your Claim, you state that all of the Promissory Notes were transferred to you in 2021. Please describe the transactions in which the other lenders in Promissory Note #1 (Wu, Jianchen and Chung, Kaki) and in Promissory Note #2 (Liwen Liu and Xiaohong Wang) transferred their interest to you. In your Answer, please describe whether the transfer was written or oral, and describe the financial transaction(s) wherein any consideration was paid or received in connection with said transfer(s)."

*See* Exhibit I at 13.

Zeng answered this Interrogatory as follows:

In late 2021, the other lenders were getting impatient because the Wu's had taken far longer than promised to finish constructing their building and repaying us.

Mr. [Stanley] Lam talked to them and me. I was comfortable receiving monthly interest payments, so I agreed to buy out the other lenders.

I paid them on September 8, 2021.

This agreement was oral.

We executed a written agreement, attached, memorializing the oral agreement in writing. See Exhibit D.

*Id.*

Zeng did not explain whether she paid "them" directly or indirectly (for example, via financial transactions with Lam or Wai Lam LLC) on September 8, 2021. She did not otherwise "identify relevant dates, times, people, places, subjects, manner of payment (such as cashier's checks or wires), the amount at issue, and relevant account information." In other words, Zeng did not "describe the financial transaction(s) wherein any consideration was paid or received." *Id.* at 4, 13. The written agreements that Zeng produced (the NOTAs) are discussed in greater detail *infra*.

Motion to Dismiss in Part and For Partial
Summary Judgment -16
*United States v. Qixian Wu, et al.,* CR22-048-JCC

Interrogatory No. 19 asked Zeng to "[p]lease describe the involvement of Stanley Lam with respect to the Promissory Notes and Deeds of Trusts and your acquisition of the interests of the other Lenders in Promissory Note #1 and Promissory Note #2, and state the amount of compensation received by Mr. Lam for such involvement." *Id.* at 14. Zeng answered:

> Stanley Lam was helping me get together 2nd and 3rd note.
>
> He was also helping me on the 1st note with escrow too.
>
> Stanley Lam said we could save money by using him to record the deeds of trust instead of an escrow. He agreed he would record the second and third deeds of trust.

*Id.* at 15.[6]

Interrogatory No. 20 asked Zeng to "describe the nature of her relationship" with Yong Feng Wu, Yong Cong Wu, Qixian Wu, Jianchen Wu, Kaki Chung, Liwen Liu, Xiaohong Wang, and Stanley Lam. *Id.* Zeng answered, "I knew Stanley Lam socially and later as the person managing the loans. I did not know any other people mentioned above. My only contact with these other people was through him." *Id.*

Request for Production No. 3 asked Zeng to "[p]lease produce any documents relevant to your Claim that all of the Promissory Notes were transferred to you in 2021, including any written agreements and communications, and documentation regarding consideration paid in connection with said transfers." *Id.* at 18. Zeng responded, "[p]lease find attached loan transfer agreement at Exhibit D." *Id.* These are the two "Note Ownership Transfer Agreements" (the NOTAs). *See* Johnson Decl. ¶ 20 & **Exhibit M** at 2-5 (highlighted copy of "**NOTA #2**," purportedly "memorializing" assignment of interests under Note #2 to Zeng), **Exhibit M** at 6-9 (highlighted copy of "**NOTA #1**,"

---

[6] In this Answer, Zeng did not identify Lam's compensation received with respect to the Notes and DOTs. *Id.* In her response to Request for Production No. 4, Zeng did note that her "original agreement" with Wai Lam LLC was oral, and that Lam "could collect $100 per month on each installment payment he collected for each loan." *Id.* at 18.

Motion to Dismiss in Part and For Partial
Summary Judgment -17
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

purportedly "memorializing" assignment of Note #1 interests to Zeng). The material terms of the NOTAs are summarized below.

### a.    NOTA #1

NOTA #1 states that it was "made effective as of 4-20-2024,"[7] by and between:

1.    Zeng, YanHong ([] "Zeng");

2.    Wu, Jianchen ([] "Wu");

3.    Chung, Kaki ([] "Chung"); and

4.    Wai Lam LLC, a Washington State Limited Liability Company, servicing the note, with an address of 5210 NE 8TH PLACE, RENTON, WA 98059-4699 ([] "Servicer").

*See* Exhibit M at 6.

With respect to "Transfer of Ownership," NOTA #1 provided:

1.1    Wu hereby agrees to sell, and Zeng agrees to purchase Wu's 33.33% interest in the Note [Note #1] for a total consideration of $99,990.

1.2    Chung hereby agrees to sell, and Zeng agrees to purchase Chung's 33.34% interest in the Note [Note #1] for a total consideration of $100,020.

1.3    Upon receipt of the consideration, ownership of Wu's and Chung's interests in the Note [Note #1] shall be transferred to Zeng, making Zeng the sole owner.

*See* Exhibit M at 7.

NOTA #1 stated that Zeng "shall" pay the agreed-upon consideration to Jianchen Wu and Kaki Chung by September 8, 2021. *Id.* at 7.

NOTA #1 appeared signed by Zeng, Jianchen Wu, Kaki Chung, and Stanley Lam (described as the manager of Wai Lam LLC). *Id* at 9.

---

[7] NOTA #1 purports to have been "made effective" on April 20, 2024, and NOTA #2 purports to have been "made effective" on April 15, 21024. However, Zeng did not file the NOTAs with her Petition on April 29, 2024. *See* Dkt. No. 92.

Motion to Dismiss in Part and For Partial
Summary Judgment -18
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

NOTA #1 included a "Receipt of Payment," purportedly signed by Jianchen Wu and Kaki Chung, "acknowledg[ing] the receipt of $99,990 and $100,020 respectively" from Zeng as "full consideration for the transfer of our respective interests in the Note [Note #1]." *Id.* at 9.

### b.   NOTA #2

NOTA #2 is almost identical to NOTA #1, although NOTA #2's "effective date" was "April 15, 2024," and the parties were Zeng, Liwen Liu, Xiahong[8] Wang, and Wai Lam LLC. *See* Exhibit M at 2-5. Per NOTA #2, Zeng "shall" pay Liwen Liu $150,000 to purchase Liu's 37.5% interest in Note #2, and Zeng "shall" pay Xiahong Wang $250,000 to purchase Wang's 62.5% interest in Note #2, by September 8, 2021. *Id*. at 3.

NOTA #2 included a "Receipt of Payment," with signatures for Liu and Wang, "acknowledg[ing] the receipt of $150,000 and $250,000 respectively" from Zeng as "full consideration for the transfer of our respective interests in the Note [Note #2]." *Id.* at 5.

### 3.   Additional Requests for Discovery

In her Answers to Interrogatory No. 2, Zeng stated that, "[m]y account with East West Bank is closed and I have not been able to access statements." *See* Exhibit I at 6; *see also* Exhibit I at 11 ("My account at East West Bank is closed. I am living in China right now and cannot access closed accounts from here.")

On September 10, 2025, undersigned counsel spoke with Zeng's counsel. During this conversation, undersigned counsel stated that the United States recognizes valid claims in criminal ancillary proceedings, so it was important to know if there were any additional records that supported Zeng's claim. *See* Johnson Decl. ¶¶ 22-23 & **Exhibit T** (internal email summarizing the conversation). Undersigned counsel pointed out that if Zeng was unable to access her bank account because she was in China, then her bank could be subpoenaed to get the records. Zeng's counsel stated that he had talked to Zeng

---

[8] Note #2 and DOT #2 spelled this name differently, as "Xiaohong." *See* Exhibits D, E.

Motion to Dismiss in Part and For Partial
Summary Judgment -19
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

about subpoenas, but there was some resistance on her part to using subpoenas. *See* Johnson Decl. ¶ 25.

Undersigned counsel emailed Zeng's attorney again on May 14, 2026, and May 15, 2026, asking for financial records. *See* Johnson Decl. ¶¶ 28-31 & **Exhibits V & W**.

Based on Zeng's discovery responses, at least five other people were involved in her acquisition of all interests in Note #1 and Note #2: Stanley Lam, Jianchen Wu, Kaki Chung, Xiaohong Wang, and Liwen Liu. Zeng has not produced any of their financial records showing consideration was paid or received. Nor has Zeng produced any financial records from Wai Lam LLC -- even though it was Stanley Lam who signed her Petition. *See* Johnson Decl. ¶¶ 32-34.

To date, the *only* documents that Zeng has produced in response to <u>Request for Production No. 3</u> are NOTA #1 and NOTA #2. *See* Johnson Decl. ¶¶ 26, 32.

### III.     ARGUMENT

**A.     Criminal Ancillary Forfeiture Proceedings Are Limited in Scope**

Criminal ancillary forfeiture proceedings are narrow in scope. Third-party claimants are not permitted to challenge the underlying basis for the forfeiture. *See, e.g., United States v. Andrews*, 530 F.3d 1232, 1236-37 (10th Cir. 2008).

In criminal forfeiture ancillary proceedings, "the sole legal issue before the court is the ownership interests of the competing parties." *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005) (quoting *United States v. McHan*, 345 F.3d 262, 281 (4th Cir. 2003) (Luttig, J., concurring in part and concurring in the judgment in part)).

As noted above, a third-party petition must be "signed by the petitioner under penalty of perjury" and must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *See* 21 U.S.C. § 853(n)(3).

Motion to Dismiss in Part and For Partial
Summary Judgment -20
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

If a third party files a petition under 21 U.S.C. § 853(n), the court must "adjudicate the validity of [a petitioner's] alleged interest in the property." *See* 21 U.S.C. § 853(n)(2).

In criminal ancillary proceedings, there are only two bases upon which a third-party claimant can establish an interest in criminally forfeitable property. Specifically, the petitioner has the burden to establish by a preponderance of evidence that (i) he "has a legal right, title, or interest in the property," and that such right, title, or interest was superior to that of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property; or (ii) he is "a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." *See* 21 U.S.C. § 853(n)(6); *see also United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) ("Congress chose to place the burden of proof on the third-party during the ancillary proceeding, since the government would necessarily have carried its burden of proving that the defendant's interest in the property was subject to forfeiture during the criminal trial.") (quoting *United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001)); *see also United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000).

Pursuant to 21 U.S.C. § 853(c), all right, title, and interest in property that is criminally forfeitable under §853(a) vests in the United States upon the commission of the act giving rise to the forfeiture.

**B.    The Court May Dismiss a Third-Party Petition Without a Hearing**

Once a petition is filed in an ancillary proceeding, "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). In considering the government's motion to dismiss, "the facts set forth in the petition are assumed to be true." *Id.* "A motion to dismiss a third-party petition in a forfeiture proceeding . . . is treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *United States v. Morgan*, 2:18-CR-00132-RAJ, 2022 WL 1443743, at *2 (W.D. Wash. May 6, 2022),

Motion to Dismiss in Part and For Partial
Summary Judgment -21
*United States v. Qixian Wu, et al.,* CR22-048-JCC

*aff'd sub nom. United States v. Guadalupe*, 22-35394, 2023 WL 2966038 (9th Cir. Apr. 17, 2023) (quoting *United States v. Sigillito*, 938 F. Supp. 2d 877, 883 (E.D. Mo. 2013) (internal citation and quotation marks omitted)). Accordingly, the petition must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

If, however, "a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing." *Morgan*, 2022 WL 1443743 at *2 (quoting *United States v. BCCI Holdings (Luxembourg)*, S.A., 919 F. Supp. 31, 36 (D.D.C. 1996)); *see also United States v. Ruiz-Hernandez,* W.D. Wash., CR22-197-JLR, Dkt. No. 392 (dismissing third-party petition).

## C.      Zeng Does Not Have Standing to Contest Forfeiture Based on DOT #3

Because DOT #3 was recorded after the United States recorded its *lis pendens*, Zeng cannot rely upon DOT #3 to contest the forfeiture of the Real Property.

To establish standing to contest forfeiture, a petitioner must allege that he has an ownership or other right, title, or interest in forfeited property. *See, e.g.*, *United States v. Alcaraz-Garcia*, 79 F.3d 769, 774 n.10 (9th Cir. 1996) ("[S]imply alleging an ownership interest is sufficient to give [petitioners] standing to challenge the forfeiture under § 853(n).").

In forfeiture proceedings, state law determines whether a petitioner has a property interest in property subject to criminal forfeiture, and federal law determines whether that interest can be forfeited. *See United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000) (citing *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996)).

Washington is a race-notice state, and interests in real property are recognized in the order in which they are duly recorded. *See Dickson v. Kates*, 132 Wash. App. 724, 737 (2006) (citing RCW 65.08.070); *Zervas Group Architects, P.S. v. Bay View Tower, LLC,* 161 Wash. App. 322, 325 and n.7 (2011). Specifically, under Washington law:

Motion to Dismiss in Part and For Partial
Summary Judgment -22
*United States v. Qixian Wu, et al.,* CR22-048-JCC

> A conveyance of real property, when acknowledged by the person executing the same (the acknowledgment being certified as required by law), may be recorded in the office of the recording officer of the county where the property is situated. *Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor, his or her heirs or devisees, of the same real property or any portion thereof whose conveyance is first duly recorded.* An instrument is deemed recorded the minute it is filed for record.

*See* RCW 65.08.070(1) (emphasis added); *see also United States v. Allahyari*, 980 F.3d 684, 691 (9th Cir. 2020) (under Washington law, "[w]hen a security interest is created by deed of trust, an individual must record the deed in the county where the property is located to perfect the security interest").

Additionally, Washington's race-notice rules apply to *lis pendens*:

> From the time of the filing [of a *lis pendens*] only shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby, and *every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer,* and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he or she were a party to the action.

*See* RCW 4.28.320 (emphasis added).

The United States recorded its *lis pendens* on April 19, 2022, whereas DOT #3 was recorded on March 8, 2024. Under Washington law, any interest Zeng might have in the Real Property pursuant to DOT #3 is, therefore, subordinate to the United States' interest in the Real Property. Therefore, as a matter of law, Zeng does not have standing with respect to DOT #3, and that portion of her Petition should be dismissed.[9]

---

[9] Alternatively, the Court could grant summary judgment in favor of the United States on the issue of Zeng's standing with respect to DOT #3.

Motion to Dismiss in Part and For Partial
Summary Judgment -23
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**D.      Ancillary Proceedings and Summary Judgment Standards**

Rule 32.2(c) authorizes the Court to apply the Federal Rules of Civil Procedure in criminal ancillary proceedings, and Rule 32.2(c)(1)(B) authorizes summary judgment motions per Fed. R. Civ. P. 56. *See* Fed. R. Crim. P. 32.2(c)(1)(B).

Summary judgment is appropriate if there are no material factual issues and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The moving party initially has the burden of demonstrating the absence of material factual issues and that the law supports a judgment in favor of the moving party. *See United States v. Celotex*, 477 U.S. 317, 322 (1986). A fact is material if it is necessary to prove a party's claim under the controlling, substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When, as here, the non-moving party bears the burden of proving a claim at trial, the moving party can meet its initial burden merely by pointing to the absence of evidence to support the non-moving party's claim. *See, e.g., Devereaux v. Abby*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325 (1986)). The moving party need not disprove the non-moving party's case. *Id.* Instead, the *Celotex* showing can be made by "pointing out through argument the absence of evidence to support the non-moving party's claim." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000); *see also Nissan Fire & Martine Insur. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1107 (9th Cir. 2000).

To defeat a summary judgment motion, the non-moving party cannot rest on mere allegations but must adduce admissible evidence to establish each element essential to its case. *See* Fed. R. Civ. P. 56(c); *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-806 (1999) (citing *Celotex*, 477 U.S. at 322).

Mere factual allegations in an ancillary petition, unsupported by any evidence, are insufficient to survive the government's motion. *See, e.g., United States v. Valentin-Acevedo,* 625 F. App'x. 16, 19 (1st Cir. 2015) (unpublished); *United States v. Gamory,*

Motion to Dismiss in Part and For Partial
Summary Judgment -24
*United States v. Qixian Wu, et al.,* CR22-048-JCC

No. 1:08-CR-153-1-TWT, 2010 WL 3880880, *2-4 (N.D. Ga. Sept. 28, 2010) (granting government's motion for summary judgment where claimant's only evidence in support of her claim was her own deposition testimony; claimant offered no other evidence in support of her claim that seized currency and jewelry was hers); *United States v. Warshak*, No. 1:06-CR-0011, 2009 WL 289824, *2 (S.D. Ohio Feb. 5, 2009) (where there was no genuine issue that claimant lacked a preexisting interest under § 853(n)(6)(A) in property purchased with a defendant's criminal proceeds, the court should grant the government's motion for summary judgment); *cf. United States v. Reznick*, 2019 WL 6496571 at *2, Case No. 19-51178 (E.D. Mich. Dec. 3, 2019) (assertion that property was a gift, which was unsupported by documentation, was conclusory, and insufficient to satisfy Section 853(n)(3)).

In short, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *See Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (explaining that "summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a dispute of material fact for trial"; referring to this as the "put up or shut up" moment in a lawsuit).

**E.     Zeng Has Not Met Her Burden of Showing That She Bought Out the Other Lenders' Interests in Note #1 and Note #2**

Zeng has not offered evidence that shows, by a preponderance of the evidence, that she provided any consideration to purchase the other lenders' interests in Note #1 and Note #2. She cannot meet her burden of proof under either 21 U.S.C. § 853(n)(6)(A) or 21 U.S.C. § 853(n)(6)(B).

To prevail under § 853(n)(6)(A), Zeng must prove that she has as a legal right, title, or interest in the property, that was superior to the defendant's, at the time of the

Motion to Dismiss in Part and For Partial
Summary Judgment -25
*United States v. Qixian Wu, et al.,* CR22-048-JCC

commission of the acts which gave rise to the forfeiture of the property. The United States is not disputing that Zeng's one-third interest in Note #1 was secured by DOT #1 and, to this limited extent, her interest in the Real Property is superior to Defendant's and, therefore, to that of the United States.

Zeng contends that she is entitled to stand in the shoes of Jianchen Wu and Kaki Chung with respect to DOT #1, and those of Xiaohong Wang and Liwen Liu in DOT #2. But she did not "describe" these financial transactions as required by Interrogatory No. 16. *See* Johnson Decl., Exhibit I at 13. Nor did Zeng provide any financial records as required by Request for Production No. 3. *See* Johnson Decl., Exhibit I at 15.

The DOTAs that Zeng produced are a poor substitute for descriptions of the alleged financial transactions, with details that could be verified or disproved. Nor has she provided a single bank record about the alleged buyout. Indeed, the DOTAs are akin to mere allegations and are simply insufficient to carry Zeng's burden or to create a genuine issue of material fact. Put simply, the DOTAs alone do not establish that Zeng actually paid for the shoes that she wants to stand in. In absence of Zeng providing proof of consideration, she cannot show a cognizable property interest that gives her standing. An attempt to assert the other lenders' interests in Note #1 and Note #2 under § 853(n)(6)(A) must fail for lack of standing.

To prevail under § 853(n)(6)(B), Zeng must prove that she is a bona fide purchaser for value of the other lenders' rights, titles, or interests and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section. But Zeng has offered no financial records showing that she was a purchaser, bona fide or otherwise, of the other lenders' interests in Note #1 and Note #2. Zeng has not met her burden of proof with respect to § 853(n)(6)(B).

///

Motion to Dismiss in Part and For Partial
Summary Judgment -26
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV.   CONCLUSION

Zeng's Petition should be dismissed to the extent she has asserted an ownership interest in the Real Property based upon Note #3 and DOT #3.

Zeng has not met her burden of proof to show that she has a cognizable ownership interest in the Real Property based upon her alleged buyout of Jianchen Wu's and Kaki Chung's interests in Note #1, and of Liwen Liu's and Xiaohong Wang's interests in Note #2. For this reason, summary judgment should be granted in favor of the United States with respect to this aspect of Zeng's Petition.

A proposed order is submitted herewith.

DATED this 18th day of May, 2026.

Respectfully submitted,

_s/ Karyn S. Johnson_____
KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
Phone: (206) 553-2462
Fax: (206) 553-6934
Karyn.S.Johnson@usdoj.gov

I certify that this memorandum contains 8,742 words, in compliance with Local Criminal Rules.

Motion to Dismiss in Part and For Partial
Summary Judgment -27
*United States v. Qixian Wu, et al.,* CR22-048-JCC

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which automatically serves the parties of record.

 *s/ Donna R. Taylor*
DONNA R. TAYLOR
FSA Paralegal IV, Contractor
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4132
Fax: (206) 553-6934
Donna.R.Taylor@usdoj.gov

Motion to Dismiss in Part and For Partial
Summary Judgment -28
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970