The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. QIXIAN WU,
2. YONG FENG WU, and
3. YONG CONG WU,

Defendants,

and

YAN HONG ZENG,

Third-Party Claimant.

NO. CR22-048-JCC

[PROPOSED]

**ORDER DISMISSING IN PART AND GRANTING PARTIAL SUMMARY JUDGMENT AS TO THE THIRD-PARTY PETITION OF YAN HONG ZENG**

## I.    INTRODUCTION

This matter comes before the Court on third-party claimant Yan Hong Zeng's Petition for Claim of Interest in Property (the "Petition"). Dkt. No. 92. Ms. Zeng has asserted an interest in the real property located at located at 6901 West Marginal Way SW, Seattle, Washington (the "Real Property"). The Court has forfeited the interests of Defendants Qixian Wu, Yong Feng Wu, and Yong Cong Wu in the Real Property. Dkt. Nos. 69, 70, 71. The United States has filed a Motion to Dismiss in Part and for

Order Dismissing in Part and Granting
Partial Summary Judgment-1
*United States v. Qixian Wu, et al.*, CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Partial Summary Judgment as to the Third-Party Petition of Yan Hong Zeng (the "Motion"). Having reviewed the Petition, as well as the briefing and supporting declaration and exhibits, as well as the relevant record and applicable law, the Court hereby GRANTS the Motion.

## II.   BACKGROUND

In her Petition, Zeng asserted an interest in the Real Property based three promissory notes (the "Notes") secured by three deeds of trust (the "DOTs"), signed by Yong Feng Wu: (i) a promissory note dated June 28, 2019, for a loan in the amount of $300,000, for which Zeng, Jianchen Wu, and Kaki Chung were the lenders ("Note #1); (ii) a deed of trust dated June 28, 2019, and recorded on July 1, 2019, securing the lenders' interests in Note #1 ("DOT #1"); (iii) a promissory note dated September 23, 2019, for a loan in the amount of $400,000, for lenders Liwen Liu and Xiaohong Wang ("Note #2"); (iv) a deed of trust dated September 20, 2019, and recorded on September 23, 2019, securing the lenders' interests in Note #2 ("DOT #2"); (v) a promissory note dated October 31, 2019, for a purported loan in the amount of $600,000, for which Zeng was the sole lender ("Note #3"); and (vi) a deed of trust dated October 31, 2019, and recorded on March 8, 2024, purportedly securing Zeng's interests in Note #3 ("DOT #3).[1]

In her Petition, Zeng asserted that in 2021, pursuant to an oral agreement, she acquired the other lenders' interests in Note #1 and Note #2.

The United States' Discovery Requests, which were propounded as part of Court-authorized discovery, explained that "to 'describe' a financial transaction means to

---

[1] *See* Declaration of AUSA Karyn S. Johnson in Support of Motion to Dismiss in Part and for Partial Summary Judgment as to Third-Party Claim of Yan Hong Zeng (the "Johnson Decl."). Exhibits B (DOT #1), C (Note # 1), D (DOT #2), E (Note #2), F (DOT #3), & G (Note #3). Exhibit F was obtained from online King County property records and bears its recording date and instrument number. *See* Johnson Decl. ¶¶ 23-27 & Exhibit F. The copy of DOT #3 that Zeng submitted with her Petition does not have its recording date and instrument number stamped on it. *See* Dkt. No. 92-6. However, Zeng does not dispute that DOT #3 was recorded on March 8, 2024. *See* Johnson Decl. ¶¶ 44-45 & Exhibit I at 16.

Order Dismissing in Part and Granting
Partial Summary Judgment-2
*United States v. Qixian Wu, et al.*, CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

provide a detailed and substantive and substantive account of all relevant factual information, including but not limited to all relevant dates, times, people, places, subjects, manner of payment (such as cashier's checks or wires), the amount at issue, and relevant account information." *See* Johnson Decl., Exhibit I at 4.

Interrogatory No. 16 asked:

> In Your Claim, you state that all of the Promissory Notes were transferred to you in 2021. Please describe the transactions in which the other lenders in Promissory Note #1 (Wu, Jianchen and Chung, Kaki) and in Promissory Note #2 (Liwen Liu and Xiaohong Wang) transferred their interest to you. In your Answer, please describe whether the transfer was written or oral, and describe the financial transaction(s) wherein any consideration was paid or received in connection with said transfer(s)."

*See* Exhibit I at 13.

Zeng answered this Interrogatory as follows:

> In late 2021, the other lenders were getting impatient because the Wu's had taken far longer than promised to finish constructing their building and repaying us.
>
> Mr. [Stanley] Lam talked to them and me. I was comfortable receiving monthly interest payments, so I agreed to buy out the other lenders.
>
> I paid them on September 8, 2021.
>
> This agreement was oral.
>
> We executed a written agreement, attached, memorializing the oral agreement in writing. See Exhibit D.

*Id.*

Zeng did not explain whether she paid "them" directly or indirectly (for example, via financial transactions with Lam or Wai Lam LLC) on September 8, 2021. She did not otherwise "identify relevant dates, times, people, places, subjects, manner of payment (such as cashier's checks or wires), the amount at issue, and relevant account information." In other words, Zeng did not "describe the financial transaction(s) wherein any consideration was paid or received." *Id.* at 4, 13.

Order Dismissing in Part and Granting
Partial Summary Judgment-3
*United States v. Qixian Wu, et al.*, CR22-048-JCC

Request for Production No. 3 asked Zeng to "[p]lease produce any documents relevant to your Claim that all of the Promissory Notes were transferred to you in 2021, including any written agreements and communications, and documentation regarding consideration paid in connection with said transfers." *Id.* at 18.

Zeng responded, "[p]lease find attached loan transfer agreement at Exhibit D," and produced a "Note Ownership Transfer Agreement,"  that "memorializ[es]" the assignment of Jianchen Wu's and Kaki Chung's interests in Note #1 to Zeng ("NOTA #1") and a "Note Ownership Transfer Agreement," that "memorializ[es]" the assignment of Liwen Liu's and Xiahong Wang's interests in Note #2 to Zeng ("NOTA #2). *See* Johnson Decl., Exhibit M at 2-5 (highlighted copy of NOTA #2), at 6-9 (highlighted copy of NOTA #1). According to their terms, the NOTAs were signed in April of 2024. *Id.*

The burden of proof in criminal ancillary proceedings is on the claimant, and, as here, a claimant can conduct discovery, issue subpoenas, and so forth. However, the only documents Zeng produced in support of her assertion that she acquired the other lenders' interests in Note #1 and Note #2 are the NOTAs.

### III.    LEGAL STANDARD

Ms. Zeng's Petition is governed by 21 U.S.C. § 853(n). Under the statute, a person, other than the defendant, who asserts a legal interest in property which has been ordered forfeited to the government pursuant to this section, may petition the court for a hearing to adjudicate the validity of her alleged interest in the property. 21 U.S.C. § 853(n)(2). The petition must set forth "the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3).

The petitioner has the burden to establish by a preponderance of evidence that (1) she has a legal right, title, or interest in the property, and that such right, title, or interest was superior to that of the defendant at the time of the commission of the acts which gave

Order Dismissing in Part and Granting
Partial Summary Judgment-4
*United States v. Qixian Wu, et al.*, CR22-048-JCC

rise to the forfeiture of the property; or (2) she is "a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." 21 U.S.C. § 853(n)(6); *see also United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) ("Congress chose to place the burden of proof on the third-party during the ancillary proceeding, since the government would necessarily have carried its burden of proving that the defendant's interest in the property was subject to forfeiture during the criminal trial.") (quoting *United States v. Gilbert,* 244 F.3d 888, 911 (11th Cir.2001)). State law determines whether a petitioner has a property interest, while federal law determines whether that interest can be forfeited. *United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000).

Pursuant to Federal Rule of Criminal Procedure 32.2(c), the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. Fed. R. Crim. P. 32.2(c)(1)(A). "A motion to dismiss a third-party petition in a forfeiture proceeding . . . is treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *United States v. Sigillito*, 938 F. Supp. 2d 877, 883 (E.D. Mo. 2013) (internal citation and quotation marks omitted). A petition should not be dismissed, therefore, if "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing." *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996); *see also United States v. Sigillito*, 938 F. Supp. 2d 877, 884 (E.D. Mo. 2013) ("The court need not hold a hearing on a petition if it is clear that the petitioner "could not prevail even if [a hearing] were granted").

Pursuant to Federal Rule of Criminal Procedure 32.2(c), the court may, on motion grant summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Crim. P.

Order Dismissing in Part and Granting
Partial Summary Judgment-5
*United States v. Qixian Wu, et al.*, CR22-048-JCC

32.2(c)(1)(B). Summary judgment is appropriate if there are no material factual issues and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The moving party initially has the burden of demonstrating the absence of material factual issues and that the law supports a judgment in favor of the moving party. *See United States v. Celotex*, 477 U.S. 317, 322 (1986). A fact is material if it is necessary to prove a party's claim under the controlling, substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When, as here, the non-moving party bears the burden of proving a claim at trial, the moving party can meet its initial burden merely by pointing to the absence of evidence to support the non-moving party's claim. *See, e.g., Devereaux v. Abby*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325 (1986)). The moving party need not disprove the non-moving party's case. *Id.* Instead, the *Celotex* showing can be made by "pointing out through argument the absence of evidence to support the non-moving party's claim." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000); *see also Nissan Fire & Martine Insur. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1107 (9th Cir. 2000).

## IV.    ANALYSIS

**A.    Zeng's Interest in the Real Property Based Upon DOT #3 and Note #1**

On April 19, 2022, the United States recorded a *lis pendens* on the Real Property. Dkt. No. 7. DOT #3 was recorded on March 8, 2024. *See* Johnson Decl., Exhibit F. Because DOT #3 was recorded after the *lis pendens*, Zeng cannot rely upon DOT #3 to contest the forfeiture of the Real Property.

To establish standing to contest forfeiture, a petitioner must allege that he has an ownership or other right, title, or interest in forfeited property. *See, e.g., United States v. Alcaraz-Garcia*, 79 F.3d 769, 774 n.10 (9th Cir. 1996) ("[S]imply alleging an ownership interest is sufficient to give [petitioners] standing to challenge the forfeiture under § 853(n).").

Order Dismissing in Part and Granting
Partial Summary Judgment-6
*United States v. Qixian Wu, et al.*, CR22-048-JCC

In forfeiture proceedings, state law determines whether a petitioner has a property interest in property subject to criminal forfeiture, and federal law determines whether that interest can be forfeited. *See United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000) (citing *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996)).

Washington is a race-notice state, and interests in real property are recognized in the order in which they are duly recorded. *See Dickson v. Kates*, 132 Wash. App. 724, 737 (2006) (citing RCW 65.08.070); *Zervas Group Architects, P.S. v. Bay View Tower, LLC,* 161 Wash. App. 322, 325 and n.7 (2011). Specifically, under Washington law:

> A conveyance of real property, when acknowledged by the person executing the same (the acknowledgment being certified as required by law), may be recorded in the office of the recording officer of the county where the property is situated. *Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor, his or her heirs or devisees, of the same real property or any portion thereof whose conveyance is first duly recorded.* An instrument is deemed recorded the minute it is filed for record.

*See* RCW 65.08.070(1) (emphasis added); *see also United States v. Allahyari*, 980 F.3d 684, 691 (9th Cir. 2020) (under Washington law, "[w]hen a security interest is created by deed of trust, an individual must record the deed in the county where the property is located to perfect the security interest").

Additionally, Washington's race-notice rules apply to *lis pendens*:

> From the time of the filing [of a *lis pendens*] only shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby, and *every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer,* and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he or she were a party to the action.

*See* RCW 4.28.320 (emphasis added).

Order Dismissing in Part and Granting
Partial Summary Judgment-7
*United States v. Qixian Wu, et al.*, CR22-048-JCC

Accordingly, because the United States recorded first, under Washington law, any interest Zeng has in the Real Property pursuant to DOT #3 is, therefore, subordinate to the United States' interest in the Real Property.

Therefore, the Court hereby DISMISSES Zeng's Petition insofar as she relies upon DOT #3.

**B.    Zeng's Interest in the Real Property Based on the NOTAs**

Zeng has not offered evidence that shows, by a preponderance of the evidence, that she provided any consideration to purchase the other lenders' interests in Note #1 and Note #2. She cannot meet her burden of proof under either 21 U.S.C. § 853(n)(6)(A) or 21 U.S.C. § 853(n)(6)(B). The Court FINDS that the NOTAs are insufficient to meet Zeng's burden.

To prevail under § 853(n)(6)(A), Zeng must prove that she has as a legal right, title, or interest in the property, that was superior to the defendant's, at the time of the commission of the acts which gave rise to the forfeiture of the property. Zeng contends that she is entitled to stand in the shoes of Jianchen Wu and Kaki Chung with respect to DOT #1, and those of Xiaohong Wang and Liwen Liu in DOT #2. However, the NOTAs, without more, do not establish that she bought the other lenders' shoes and is entitled to stand in them. In absence of Zeng providing proof of consideration, she has not shown that she has a cognizable property interest that gives her standing. Her attempt to assert the other lenders' interests under § 853(n)(6)(A) must fail for lack of standing.

To prevail under § 853(n)(6)(B), Zeng must prove that is a bona fide purchaser for value of the other lenders' rights, titles, or interests in the Real Property and was at the time of purchase reasonably without cause to believe that the Real Property was subject to forfeiture under this section. Zeng has offered no financial records showing that she actually purchased the other lenders' interests in Note #1 and Note #2.

Therefore, the Court hereby GRANTS partial summary judgment, in favor of the United States, with respect to Zeng's Petition, insofar as she contends she acquired the

Order Dismissing in Part and Granting
Partial Summary Judgment-8
*United States v. Qixian Wu, et al.*, CR22-048-JCC

secured interests of Jianchen Wu and Kaki Chung in Note #1, and the secured interests of Xiaohong Wang and Liwen Liu in Note #2.

IT IS SO ORDERED.

DATED this _____ day of _____, 2026.

_____
THE HON. JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

Presented by:

 *s/ Karyn S. Johnson*
KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
Phone: 206-553-2462
Fax: 206-553-6934
Karyn.S.Johnson@usdoj.gov

Order Dismissing in Part and Granting
Partial Summary Judgment-9
*United States v. Qixian Wu, et al.*, CR22-048-JCC